

HAMILTON COUNTY MUNICIPAL COURT
HAMILTON COUNTY, OHIO
CIVIL DIVISION

**MAURA SPEIDEL**
2480 Royalview Court
Cincinnati, OH 45244
  Plaintiff,
vs.

**A 2 4 0 0 8 7 4**

Case No. _____

Judge : _____

**DOLLAR TREE STORES, INC.**
500 Volvo Parkway
Chesapeake, VA 23320

**COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

REGULAR MAIL WAIVER

Please Serve: Registered Agent
Corporation Service Company
3366 Riverside Dr, Suite 103
Upper Arlington, OH 43221

REGULAR MAIL WAIVER

and

**HUMANA, INC.**
500 W Main St.
Louisville, KY 40202

REGULAR MAIL WAIVER

Please Serve: Registered Agent
CT CORPORATION SYSTEM
4400 Easton Common Way, Suite 125
Columbus, OH 43219

REGULAR MAIL WAIVER

  Defendants,

---

Now comes the Plaintiff, Maura Speidel, by and through counsel, and as for her

Complaint against the named Defendants, states the following::

**PARTIES**

1. Plaintiff Maura Speidel resides at 2480 Royalview Court in Cincinnati, Hamilton

County, Ohio and has so reside at all relevant times herein.

2. Defendant, Dollar Tree Stores, Inc. is a Virginia corporation which owned and operated a Dollar Trees Store located at 8562 Beechmont Ave, Cincinnati, OH 45255 on February 28, 2022.

3. Defendant, Humana, Inc. is a Kentucky corporation, which is a managed care / heath insurance provider and may have a subrogation interest on behalf of Deanhouston GP 83859 NPOS ID 116239067 health care plan.

## VENUE AND JURISDICTION

4. Jurisdiction is properly invoked in the Court of Common Pleas, as this court has jurisdiction over personal injury actions which occur within Hamilton County, Ohio.

5. Venue is proper in Hamilton count, Ohio as the incident occurred in Hamilton County, Ohio; the Defendant, Dollar Tree Stores, Inc. conducts substantial business within Hamilton Count, Ohio; and the tortious conduct occurred within Hamilton County, Ohio.

## STATEMENT OF FACTS

6. On or about February 28, 2022, Plaintiff, Maura Speidel, was a business invitee at the Dollar Tree Store located at at 8562 Beechmont Ave, Cincinnati, OH 45255 (hereinafter "Dollar Tree").

7. On or about February 28, 2022, Plaintiff, Maura Speidel was at the store to purchase decorations to celebrate her wedding anniversary.

8. The store had helium balloons for sale which were displayed so they were touching the ceiling of the store.

9. In order to retrieve a balloon for purchase one had to look up and reach to select a

balloon.

10. On the floor beneath the balloons was a box that was left in the aisle by a Dollar Tree employee.

11. There were no signs warning of a hazard, box, or debris left in the aisle.

12. Mrs. Speidel, unaware of the box in the aisle, decided to she wanted to purchase one of the balloons, looked up reached for a balloon, and stepped forward.

13. When Mrs. Speidel placed her foot down, it landed on the box, she lost her footing, injured her foot and fell.

14. After the fall Plaintiff needed to be helped up off the floor.

15. As a result of the negligence and careless practices and procedures of the Defendant Dollar Tree, Inc. Plaintiff injured her foot and fell, suffering severe and permanent injuries, including, *inter alia.*, a fractured foot, soreness, scaring and scar tissue, permanent nerve damage and pain; she continues to suffer pain and expects to suffer pain in the future; incurred reasonable and necessary hospital and medical expenses; expects to incur additional hospital and medical expenses in the future; experienced the loss of enjoyment of life; and reasonably expects to suffer loss of enjoyment of life in the future. Plaintiff has suffered loss of income due to missed time from work as result of the injuries.

**COUNT ONE: NEGLIGENCE**

16. Plaintiff Maura Speidel restates and incorporates by reference all the allegations set forth in paragraphs 1 through 15 of this Complaint, with the same force and effect, as is though fully rewritten herein.

17. Defendant Dollar Tree, Inc. negligently allowed a hazard condition to exist

without adequate warning to the customers.

18. Defendant Dollar Tree, Inc. owed a duty to the Plaintiff to its customers and business invitees to maintain its premises is a reasonably safe condition; warn them of unsafe conditions and/or hazards of which it knew or should have known; and make such conditions safe.

19. Defendant Dollar Tree, Inc. owed a duty to the Plaintiff to not allow, permit, or create hazardous conditions.

20. Defendant Dollar Tree, Inc. had a duty to warn the Plaintiff of hazardous conditions.

21. Defendant Dollar Tree, Inc. breached the above duties owed to the Plaintiff, Maura Speidel.

22. As a result of the negligent and careless practices and procedure of the Defendant Dollar Tree, Inc. and its employees the Plaintiff injured her foot and fell, suffering severe and permanent injuries, including, *inter alia.*, a fractured foot, soreness, scaring and scar tissue, permanent nerve damage and pain; she continues to suffer pain and expects to suffer pain in the future; incurred reasonable and necessary hospital and medical expenses; expects to incur additional hospital and medical expenses in the future; experienced the loss of enjoyment of life; and reasonably expects to suffer loss of enjoyment of life in the future. Plaintiff has suffered loss of income due to missed time from work as result of the injuries.

23. Accordingly, Plaintiff is entitled to a judgment against the Defendant, Dollar Tree, Inc. in an amount yet to be determined, but in excess of $25,000, as and for compensatory damages.

## COUNT TWO: NEGLIGENT SUPERVISION, HIRING, TRAINING AND RETENTION

24. Plaintiff Maura Speidel restates and incorporates by reference all the allegations set forth in paragraphs 1 through 23 of this Complaint, with the same force and effect, as is though fully rewritten herein.

25. Defendant Dollar Tree, Inc. failed to adequately train, hire and supervised it managers and employees who were responsible on February 28, 2022 for maintaining the aisles, store conditions and keeping the store safe for the Dollar Tree store located at at at 8562 Beechmont Ave, Cincinnati, OH 45255.

26. Defendant Dollar Tree, Inc. negligently hired, retained, and supervised individuals who failed to exercise reasonable care in the performance of their duties. This failure included, *inter lisa.*, not maintaining safe floors and aisle space, failing to do so with reasonable care and/ or attempting to do so in a negligent manner and/or failing to warn customers of hazards.

27. The management personnel of the Dollar Tree, Inc. had actual knowledge and/or constructive knowledge of the failures to exercise reasonable care of the employees and/or managers. Defendant Dollar Tree, Inc. provided inadequate training, and retained incompetent managers and employees.

28. As a direct and proximate result of the negligent supervision, hiring, training and retention the management personnel of the Defendant Dollar Tree, Inc. Plaintiff injured her foot and fell, suffering severe and permanent injuries, including, *inter alia.*, a fractured foot, soreness, scaring and scar tissue, permanent nerve damage and pain; she continues to suffer pain and expects to suffer pain in the future; incurred reasonable and necessary hospital and medical expenses; expects to incur additional hospital and medical expenses in the future; experienced

the loss of enjoyment of life; and reasonably expects to suffer loss of enjoyment of life in the future. Plaintiff has suffered loss of income due to missed time from work as result of the injuries.

29. Accordingly, Plaintiff is entitled to a judgment against the Defendant, Dollar Tree, Inc. in an amount yet to be determined, but in excess of $25,000, as and for compensatory damages.

### COUNT THREE: DECLARATORY JUDGMENT / SUBROGATION

30. Plaintiff Maura Speidel restates and incorporates by reference all the allegations set forth in paragraphs 1 through 29 of this Complaint, with the same force and effect, as is though fully rewritten herein.

31. Defendant Humana, Inc. may have subrogation interest because the have paid and/or will pay some of Plaintiff's reasonable and necessary medical expenses arising from the subject matter of Counts One and Two.

32. Pursuant to the health insurance contract between the Plaintiff and the Defendant Humana, Inc. and/or applicable state and/or federal law Defendant Humana is or may be surrogated a to a portion of the Plaintiff's claims against the Defendant Dollar Tree, Inc., and should be required to assert its interest or otherwise be forever barred from so to any party herein.

33. Accordingly, Plaintiff Maura Speidel, demands that the Defendant, Humana, Inc. be required to assert any interest they may have in the instant manner or otherwise be forever barred in doing so as to any party hereto.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, Maura Speidel, by and through counsel, demands judgment against Defendant Dollar Tree, Inc. in an amount yet to be determined, but in excess of $25,000. Plaintiff also seeks a declaration as to the amount owed, if any, to Defendant Humana. Finally Plaintiff demands such further additional relief to which she may be entitled at all and/or equity, including prejudgment interest, post judgement interest, an award off costs incurred herein and a reasonable award of attorney's fees, if applicable.

                        Respectfully submitted,

                        James R. Schimanski
                        Attorney for the Plaintiff, Maura Speidel
                        Ohio Reg. No. 0052078
                        119 East Court St
                        Suite 308
                        Cincinnati, Ohio 45202
                        (513) 241-7715
                        (513) 297-1565 - fax
                        schimanski@mac.com

## JURY DEMAND

Plaintiff demands a trial by jury upon all issues so triable.

                        James R. Schimanski
                        Attorney for the Plaintiff, Maura Speidel